**Douglas PITMAN, Appellant**
**(Defendant below),**

**v.**

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 1181S337.**

Supreme Court of Indiana.

June 11, 1982.

Michael E. Hunt, Fran F. Koski, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Douglas Pitman, was convicted by a jury of robbery resulting in bodily injury, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a term of thirty years. His direct appeal raises the following issues:

1. Whether Monroe County's computerized jury selection procedure substantially complies with statutory requirements;

2. Whether the trial court erred in permitting the state to prove injuries which were inflicted during the robbery but were not specifically described in the information;

3. Whether the court erred in denying defendant's offer of admission and his two motions in limine;

4. Whether the court erred in refusing to require the state to call two witnesses outside the presence of the jury;

5. Whether the trial court erred in refusing to instruct the jury concerning lesser included offenses; and

6. Whether the defendant was denied a fair trial because of a comment made by the prosecuting attorney during his final argument.

A summary of the facts from the record most favorable to the state shows that in the early morning hours of December 24, 1980, four men broke into the residence of Albert and Viola Steward in Bloomington, Indiana. The four intruders were later identified as Jack Sater, Merle Sater, Gary Taylor, and defendant. One of the intruders struck both Mr. and Mrs. Steward causing Mrs. Steward to suffer a broken nose and broken arm. The men took approximately $4,000, which they divided among themselves and another person who had planned the robbery.

I.

■ Defendant first alleges that the computerized jury selection procedure in Monroe County does not substantially comply with the requirements of Ind.Code § 33-4-5-2 (Burns 1975). He points out that the jury commissioners did not use a locked box and did not draw names of prospective jurors from a locked box. Instead, the jury venire selection was made by a computer in a random method from an alphabetical list of registered voters.

Monroe County's use of a computer in the jury selection procedure was discussed in detail in a recent opinion of the Court of Appeals. *Rogers v. State*, (1981) Ind.App., 428 N.E.2d 70. We agree with that court's conclusion that the computerized selection procedure did substantially comply with statutory requirements and the jury commissioners acted lawfully in using the computer. We have consistently held that jury selection systems are required to draw prospective jurors from a fair cross-section of the community without any suspicion of advantage or favoritism. *Daniels v. State,*

(1980) Ind., 408 N.E.2d 1244; *Owen v. State,* (1979) Ind., 396 N.E.2d 376; *Morris v. State,* (1977) 266 Ind. 473, 364 N.E.2d 132. In this case, there was no showing of any systematic exclusion of any class of persons to serve on the jury as the computer list was drawn from the voters' registration list.

We agree with the Court of Appeals' conclusions:

"In the present situation, we find the use of the computer rather than the jury box was not improper by the jury commissioners. There have been no allegations of racial, sexual, or religious discrimination. The process did not result in systematic exclusion of any group and the voter registration list was not based upon political affiliation. The computerized method resulted in an impartial selection of jurors from a cross-section of the community, who were chosen in a random method. In utilizing this method, the jury commissioners satisfied the purposes and goals of the jury selection statutes. Moreover, the method employed in the present case is very similar to the method outlined for counties with larger populations in *Ind. Code* 33-4-5.5-1 *et seq.*" *Rogers v. State, supra* at 73.

We find that the computerized jury selection procedure is in substantial compliance with statutory requirements. Since defendant has failed to demonstrate he was adversely affected by the computerized jury list and there was substantial compliance with the statutory requirements, we find no error here. *Cross v. State,* (1979) Ind., 397 N.E.2d 265.

II.

Defendant next contends that the trial court erred in permitting witnesses to testify over his objections about injuries which Mr. and Mrs. Steward received during the robbery but which were not described in the charging information. He labels this evidence as irrelevant and highly prejudicial. In the information the state charged that both victims had been struck during the robbery and that Mrs. Steward had suf-

fered a broken nose and broken arm. At the trial, the court allowed a physician, who examined the Stewards after the incident, and one of the investigating police officers to testify about the injuries they observed on the heads and faces of both victims.

■ It is well established that happenings near in time and place which complete the story of the crime are admissible under the theory of *res gestae*. *Brown v. State*, (1981) Ind., 417 N.E.2d 333; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. Furthermore, the trial court is given wide latitude in weighing the probative value of evidence with respect to a material fact as against the possible prejudice of its admission in a criminal proceeding. *White v. State*, (1981) Ind., 425 N.E.2d 95; *Sizemore v. State*, (1979) Ind., 395 N.E.2d 783. The testimony about the injuries received by both Mr. and Mrs. Steward completed the story of what actually happened to both victims during the robbery. There was no error in the admission of this testimony.

### III.

Prior to trial, defendant filed an offer of admission offering to admit the truth of the state's allegation that Mrs. Steward had been struck during the robbery and had suffered a broken arm and broken nose. In conjunction with this offer of admission, defendant moved the court *in limine* to preclude the state from informing the jury in any manner about Mrs. Steward's injuries. Defendant maintained that such information would be irrelevant in light of defendant's admitting it as conclusive evidence and would be irreparably prejudicial. The trial court found that the evidence was material to several issues in the case and that the probative value outweighed any potential prejudice.

■ It is well settled that evidence having some tendency to prove a material fact is relevant and the trial court is accorded wide latitude in ruling on the relevancy of evidence. *Armstrong v. State*, (1982) Ind., 429 N.E.2d 647; *Begley v. State*, (1981) Ind., 416 N.E.2d 824, *Turpin v. State*, (1980) Ind., 400 N.E.2d 1119. Here, the nature of the injuries to the victims was relevant and material to the elements of force and intent. The trial court properly found that the probative value of this evidence outweighed any potential prejudice and there was no abuse of discretion here.

■ Defendant filed a second motion *in limine* moving the court to preclude the state from mentioning the injuries to Mr. Steward. He contends that the state did not allege any bodily injury to Mr. Steward and that therefore this evidence would be irrelevant and prejudicial. We find no merit to this contention. The record shows that the state did charge the use of force on both Mr. and Mrs. Steward and the "striking" of both Mr. and Mrs. Steward. As we discussed in Issue II, above, the evidence about the injuries to both Mr. and Mrs. Steward was relevant and was properly admissible as part of the *res gestae* of the crime. There was no error here.

### IV.

Defendant next contends that the trial court erred in refusing his request that two witnesses be permitted to begin their testimony outside the presence of the jury. Defendant told the trial court that he believed these two witnesses would refuse to testify and he did not want the jury to be aware of that. The court responded that he could not presume beforehand that any person would be in direct contempt of court, and that he must presume that everyone would obey orders of the court.

The two witnesses, who were both accomplices of the defendant, were subsequently called and both did refuse to testify, despite having been granted immunity by the state. After each refusal, the court carefully admonished the jury in the following manner:

"Members of the Jury, this witness has refused to testify. You must understand, and you must keep in mind that the fact that he refused to testify should not be considered by you in any way, in your deliberations in this cause; the fact that he was called by the State of Indiana does not mean that any testimony he

might have given would be favorable to the State of Indiana, and you must not engage in that assumption during your deliberations. As a matter of fact, you must not discuss the fact that he did or did not testify in this cause at all during your deliberations, and you must not speculate as to what testimony he might have given had he elected to testify."

The court also gave the following final instruction No. 6 to the jury:

"The State has called certain witnesses in this case who have refused to testify. You must not speculate as to what the testimony of such witness might have been had he testified, and you must not assume that such testimony would have been favorable to the State had the witness testified.

"You should ignore this fact in arriving at your verdict, and you should not discuss or speculate about the matter during your deliberations."

 It is clear that the trial court has the responsibility to manage and control the proceedings which are conducted before him and is given wide latitude of discretion in carrying out his duties. His responsibility includes the taking of testimony in a manner to insure that the rules of procedure and evidence will be adhered to. *Lawson v. State*, (1980) Ind., 412 N.E.2d 759; *Jaske v. State*, (1978) 269 Ind. 196, 379 N.E.2d 451. Here, the trial court acted properly in refusing to permit evidence to be solicited in the absence of the jury. The court properly admonished the jury following the refusal to testify of each witness and again during final instructions. The case defendant cites is not applicable, since in that case the court failed to admonish the jury when requested. *Aubrey v. State*, (1974) 261 Ind. 692, 310 N.E.2d 556. We find no error here.

### V.

 Defendant next contends that the trial court erred in refusing to give final instructions on the lesser included offenses of robbery as a class C felony, theft as a class D felony, criminal conversion as a class A misdemeanor, and battery as a class A or class B misdemeanor. This argument has been previously dealt with by this Court under circumstances similar to those in defendant's case, and we found no error in the refusal to give the requested instructions. *McNary v. State*, (1981) Ind., 428 N.E.2d 1248; *Easley v. State*, (1981) Ind., 427 N.E.2d 435; *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208. Here, there was no dispute presented at trial regarding the fact that the victims suffered bodily injury in the course of the robbery. Although one of defendant's accomplices may have been the one who actually inflicted the blows, it is well settled that the acts of one accomplice are imputed to all others. *Proctor v. State*, (1979) Ind., 397 N.E.2d 980; *Metcalf v. State*, (1978) 268 Ind. 579, 376 N.E.2d 1157.

Both Mr. and Mrs. Steward were examined at the hospital following the robbery and there was substantial evidence presented as to the extent of their injuries, including Mrs. Steward's broken arm and broken nose. Consequently, defendant was either guilty of the offense charged—robbery resulting in bodily injury—or he was not guilty of any offense. There was no error in refusing to give instructions on lesser included offenses in this case.

### VI.

Defendant finally alleges that fundamental error occurred when the prosecutor made a comment during the closing argument which was allegedly a direct reference to his failure to testify. During the state's case, Jack Sater, a participant in the robbery, testified at length concerning defendant's role in the crime. The prosecutor made the following comment during his final argument:

"Now, you're going to be instructed that you are to believe what witnesses tell you, unless you have a reason not to; and I submit to you, that you don't really have a good reason not to believe Jack Sater; you have lots of reasons not to like Jack Sater, but not not to believe him. Physical evidence corroborates what he said, and nobody's disputed it.

There is no sworn testimony before you today that disputes that."

Defendant made no objection at trial, but has raised this issue in his motion to correct errors.

The general rule, of course, is that any comment which is subject to interpretation as a comment upon an accused's failure to testify has been strictly regarded as an impingement of defendant's constitutional and statutory rights not to testify. *Crosson v. State*, (1980) Ind., 410 N.E.2d 1194; *Ross v. State*, (1978) 268 Ind. 471, 376 N.E.2d 1117. However, it is also axiomatic that any alleged error presented to us without a specific objection at trial may be considered only if it was so fundamental that it denied petitioner a fair trial. *Crosson v. State, supra; Pavone v. State*, (1980) Ind., 402 N.E.2d 976.

In this case, we find nothing objectionable in the comments complained of. Stating that certain evidence was undisputed is not a comment upon the defendant's failure to testify. Attorneys are not precluded during closing arguments from expressing a conclusion drawn from the evidence. *Wolfe v. State*, (1981) Ind., 426 N.E.2d 647. In addition, the remarks here can best be described as a comment upon the credibility of the state's witness. We do not find that this remark denied defendant fundamental due process or his right to a fair trial.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.