Marvin R. HUTCHERSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1284S481.

Supreme Court of Indiana.

May 19, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Marvin R. Hutcherson, was convicted by a Marion County jury of two (2) counts of dealing in a schedule II controlled substance, a class B felony. The jury also determined that Appellant was a habitual offender. The trial court sentenced Appellant to fifteen (15) years for each count of dealing, enhancing the first count by thirty (30) years based on the habitual offender finding. In this direct appeal, Appellant raises sixteen (16) issues for our review which we have consolidated into the following allegations of error:

1. error in the testimony of State's witness Kevin Kelly;

2. error in the testimony of State's witness Bradley Potter;

3. error in requiring Appellant to state whether he intended to present an entrapment defense;

4. prosecutorial misconduct;

5. error in giving State's final instructions 1, and 5, and supplemental preliminary instruction 6;

6. error in restricting Appellant's counsel to the confines of the courtroom prior to the habitual offender portion of the trial;

7. error in admitting one of Appellant's prior convictions into evidence;

8. sufficiency of the evidence supporting Appellant's conviction on two counts of dealing, and his being found a habitual offender; and

9. whether Appellant's sentence amounts to cruel and unusual punishment.

The facts supporting Appellant's conviction are as follows. On September 20, 1983, Kevin Kelly and James Catt of the Marion County Sheriff's office, met with Bradley Potter, a drug informant. Potter informed them he had arranged a drug buy from Appellant. The three agreed to meet at a local Hardee's restaurant before the scheduled buy. Potter and his car were searched for drugs and money. Potter and Kelly then drove to the Bavarian Village Apartments where they met Appellant. Appellant sold the two a gram of cocaine for $150.00. Even though others were present during this buy, Appellant took possession of the money, and said he would be glad to do business with Potter and Kelly again.

On September 23, 1983, Potter again contacted Kelly and Catt, and informed them that he had set up another drug buy from Appellant. Potter, Kelly, and Catt met at the same Hardee's Restaurant. Potter and his car were searched. Potter and Kelly drove to the Little Butch Market parking lot. Appellant met them there and sold them another gram of cocaine for $130.00.

I

■ Appellant makes two allegations of error concerning witness Kelly's testimony. First, Appellant objected to Kelly testifying in narrative form. He claims inadmissible hearsay was admitted because of this. It is within the trial court's discretion whether to permit a witness to testify in narrative form. *Hedges v. State* (1982), Ind., 443 N.E.2d 62, 66; *Scott v. State* (1982), Ind., 434 N.E.2d 86, 89. Appellant has failed to demonstrate how the trial court abused its discretion, or how he was prejudiced by the court's ruling. Appellant's hearsay objec-

tions all were overruled. He has failed to carry his burden here.

Second, Appellant claims the trial court erred in refusing to publish Kelly's deposition. The record reflects that Kelly's deposition was published and made a part of the record. Appellant tried but was unable to lay the necessary foundation to impeach Kelly with prior inconsistent statements allegedly contained in his deposition as there was no inconsistency. There is no error here.

## II

During the State's direct examination of Bradley Potter, the following colloquy took place:

"Q. Alright, what did Marvin Hutcherson say about drugs at this time?

A. Uh, that he, uh, wasn't selling heroin anymore, that he was just basically selling cocaine and marijuana."

Appellant objected that this testimony concerning his prior bad acts violated the trial court's earlier granted motion in limine, and Appellant moved for a mistrial. Appellant's motion was denied.

The ruling on a mistrial motion lies within the sound discretion of the trial court, and its determination will be reversed only where an abuse of discretion is shown. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 294, *cert. denied* — U.S. —, 107 S.Ct. 910, 93 L.Ed.2d 860 (1897). To prevail, the defendant must show us that he was placed in a position of grave peril to which he should not have been subjected. *Id.* We do not think Appellant was put in a position of grave peril.

■ A motion *in limine*, when granted, does not act as a final ruling on the admissibility of evidence covered by the motion. *Wilson v. State* (1982), Ind., 432 N.E.2d 30, 33. The function of a motion *in limine* is to keep potentially prejudicial information from being presented to the jury until after the trial court has ruled upon its admissibility within the context of the trial. *Hodge v. State* (1982), Ind., 442 N.E.2d 1006, 1010. Here, the evidence of Appellant's prior bad acts was inadvertent-

ly interjected by the witness. The State was not attempting to solicit this evidence from the witness. It is true that evidence of prior crimes committed by a defendant is not admissible to prove the defendant committed the present crime. *Downer v. State* (1982), Ind., 429 N.E.2d 953, 955. Here, however, the State was not attempting to solicit this evidence. The witness merely related what Appellant told him over the phone prior to the arranged drug sale. Since this was the only passing reference to Appellant's past crimes, we cannot say this one comment so prejudiced Appellant as to deny him a fair trial. We also note that after Appellant's motion for a mistrial was denied, Appellant failed to request that the jury be admonished to disregard the witness's comment. We find no reversible error here inasmuch as the witness did testify to purchases of cocaine from Appellant on which his convictions were based.

## III

■ After Appellant moved for a mistrial, a hearing on the motion was had outside the jury's presence. The question of whether Appellant planned on raising entrapment as a defense came up. The State argued Appellant opened the door on entrapment and it sought to introduce testimony regarding Appellant's predisposition to commit this crime. Appellant argued he did not open the door on entrapment. In order for the trial court to rule on the issue, the judge asked Appellant whether he in fact planned on presenting an entrapment defense. Appellant responded that he would not raise the issue. The trial court then ruled the State could not present evidence of Appellant's predisposition to sell drugs. Because of this, Appellant now claims the trial court "unlawfully controlled" the presentation of the evidence.

The trial court is vested with wide discretion in managing and controlling the course of a criminal trial, *Pitman v. State* (1982), Ind., 436 N.E.2d 74, 78, including the examination of the witnesses. *Gentry v. State* (1984), Ind., 471 N.E.2d 263, 268. We see no abuse of discretion in the trial court asking Appellant whether he planned on

raising entrapment as a defense. The trial court sought this information so it could rule on whether or not the State could introduce testimony concerning Appellant's predisposition to commit this crime. Further, Appellant gives us no authority for his assertion that he was denied due process by all of this, nor does he show us how this prejudiced his defense. There is no error here.

## IV

In its closing argument, the State made references to the conspiracies to assassinate Presidents Lincoln and Kennedy, and further mentioned the late Jimmy Hoffa. Appellant objected and the trial court admonished the prosecutor not to draw any inferences from those events to this case. Appellant now claims the prosecutor's remarks amounted to prosecutorial misconduct which warrants reversal of his convictions.

■■■ In reviewing a charge of prosecutorial misconduct, this Court first determines whether there was misconduct by the prosecutor, and then considers whether that misconduct, under all the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, 1057. The State in this case concedes that the prosecutor's analogy went a step too far. The Prosecutor did not imply Appellant was involved in any of these crimes; he was discussing the manner in which minor discrepancies in testimony can be transformed into conspiracies. We do not think the prosecutor's comments placed Appellant in a position of grave peril. We also note that Appellant did not ask for a mistrial or ask that the jury be admonished. Thus, any error here is waived. *See Douglass v. State* (1984), Ind., 466 N.E.2d 721, 724.

## V

■■■ Next, Appellant claims the trial court gave "cumulative and duplicitous" instructions. Specifically, Appellant claims State's final instruction 1 duplicated the trial court's final instruction 13, State's final instruction 5 duplicated the trial court's final instruction 17, and State's supplemental preliminary instruction 6 duplicated the trial court's supplemental preliminary instruction 4. The record indicates that the trial court adopted the State's final instructions and included them as part of the court's instructions. It does not appear that all of these instructions were read to the jury. Appellant has failed to provide us with a transcript of the trial court's reading of these instructions. Thus, his claim that these instructions were read to the jury twice is unsupported by the record. Allegations of error not supported by the record are waived. *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 316.

## VI

■■■ Appellant claims the trial court abused its discretion when it restricted defense counsel to the courtroom for the purpose of reviewing some of the evidence the State planned on using in the habitual offender portion of the trial. Defense counsel claimed she did not have an opportunity to review any of the State's evidence prior to this part of the trial. The evidence consisted of documents relating to Appellant's prior convictions. The State responded that all of these documents were available to counsel, but she failed to ask for them. The trial court granted defense counsel a fifteen minute continuance which in reality lasted nearly one hour. The trial court then granted a second recess for one hour, but refused to allow defense counsel to leave the courtroom because of her prior conduct.

As was stated in *Pitman*, 436 N.E.2d at 78, the trial court is vested with wide discretion in controlling the conduct of a criminal trial. We do not feel the trial court abused its discretion in this situation. The trial court gave defense counsel nearly two hours to review the State's evidence. Appellant does not claim nor show any prejudice from a lack of time to examine the exhibits. He makes only a general statement that the procedure was improper.

## VII

■ Next, Appellant contends it was error to use a prior felony conviction in two different habitual offender proceedings. Appellant argues this violates double jeopardy. Nonetheless, Appellant concedes that our decisions in *Kelly v. State* (1983), Ind., 452 N.E.2d 907, and *Dixon v. State* (1982), Ind., 437 N.E.2d 1318, hold to the contrary. Accordingly, there is no error here.

## VIII

■ Next, Appellant attacks the sufficiency of the evidence supporting his two convictions for dealing, and his habitual offender status. Again, Appellant concedes that, given our standard of review on sufficiency issues, the evidence in this case was sufficient to support his two convictions for dealing in a controlled substance. We agree. Two witnesses testified that Appellant sold them drugs later determined to be cocaine. Both were present when the sale took place, and both identified Appellant as the seller. This is sufficient evidence to support Appellant's conviction.

■ Concerning Appellant's habitual offender status, the record reveals Appellant had two prior felony convictions entered in Indiana, and one felony conviction entered in Tennessee. Appellant argues that the second Indiana conviction was committed after the first, but before sentencing on the first was entered. To sustain a habitual offender finding, the State must prove the defendant has two prior unrelated felony convictions. *See Harrison v. State* (1986), Ind., 496 N.E.2d 49, 51. We have reviewed the record in Appellant's case and have concluded that the State proved Appellant had two prior unrelated felony convictions. The Tennessee conviction and either of the Indiana convictions are enough to support Appellant's habitual offender conviction. Evidence was sufficient to show Appellant's habitual offender status.

## IX

■ Next, Appellant argues that his sentence of forty-five (45) years for selling

drugs is cruel and unusual punishment. The basis of Appellant's argument is that Indiana's penal institutions are overcrowded, and that his confinement to such an institution is cruel. We see no merit to Appellant's contention. We have repeatedly held Indiana's Habitual Offender Statute, Ind.Code § 35-50-2-8, constitutional against "cruel and unusual" challenges under the Eighth Amendment. *See Davis v. State* (1985), Ind., 472 N.E.2d 922; *Erickson v. State* (1982), Ind., 438 N.E.2d 269.

Finding no error as to any of Appellant's assertions, we affirm the trial court.

DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result with separate opinion in which SHEPARD, C.J., concurs.

DICKSON, Justice, concurring in result.

In its discussion of Issue V, the majority opinion may be viewed as requiring a full transcript of the trial court's reading of final instructions in order to preserve certain errors on appeal. I would disagree with this requirement as unnecessarily burdensome upon the process of expeditious appellate review.

As to both the State's Final Instructions No. 1 and 5, the record shows each marked "given over objection" and signed by the trial judge. The record further states that:

At the close of all arguments, Court instructs the jury (and alt.) with Court's written Final Instructions # 9—# 21 inclusive as fol. (H.I.) which includes State's written Final Instructions # 1, # 5, & # 6 and deft's written Final Instructions # 1 as modified & # 3 as modified, as foll. (H.I.) [sic]

(R. p. 136)

The substance of these instructions explained the concept of reasonable doubt, the need to consider all the evidence, and the role of jurors in determining the law and the facts under the Constitution of the State of Indiana. Referring generally to the jury's decision-making process, these instructions did not emphasize aspects of the case favorable to either party. While it

would have been preferable to avoid duplication, I would find that under the circumstances of this case, there was no resulting prejudice to the defense.

The State's supplementary preliminary Instruction No. 6, which defendant also contends was duplicitous, enumerates the "elements of being an habitual offender." This instruction appears in the record marked "given" and signed by the judge, but the court's entry indicates that, while the court intended to give State's preliminary supplementary Instruction No. 6, it did not do so. In pertinent part, the entry states:

And Court indicates to parties it intends to instruct the jury with Court's Final Supplementary Instruction # 9–# 12 inclusive, and will give State's Supplemental Preliminary Instructions # 1, # 5 & # 6 as fols (H.I.) * * * And at the close of all arguments Court instructs the jury with Court's Final Supplemental Instructions # 9–# 12 inclusive as foll (H.I.). The Bailiff is sworn, and the jury retires to deliberate.

(R. p. 137–138) Thus, while the defendant claims error in giving State's Supplemental Preliminary Instruction No. 6, the record does not affirmatively show that this instruction was given. As to this instruction, therefore, no issue is presented.

SHEPARD, C.J., joins in this opinion.