Harold I. LOGSTON, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 48S00–8703–CR–312.

Supreme Court of Indiana.

March 10, 1989.

Jonathan S. Gotkin, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Harold I. Logston, Jr., was convicted of robbery and found to be a habitual offender. He raises the following issues in this direct appeal:

1. note-taking by a juror,
2. limitation of cross-examination regarding past mental problems,
3. use of prior juvenile record for impeachment,
4. sufficiency of evidence of identification,
5. absence of arraignment or initial hearing on habitual offender charge,
6. sufficiency of habitual offender information, and
7. authentication of documents.

### 1. Note–Taking by Juror

The defendant first contends that reversible error occurred because one of the jurors took notes during the trial and used the notes during deliberations. The defendant argues that the trial judge should have observed and prohibited this conduct.

However, we are unable to consider whether the trial court's actions constituted an abuse of discretion under the circumstances because defendant's claims are not supported by the record and because of the absence of any objection or motion at trial.

Bare assertions of error are not available for review on appeal. *Reames v. State* (1986), Ind., 497 N.E.2d 559. Upon discovery of possible juror misconduct, a party has the duty and responsibility to formally raise the issue with the presiding court in a timely manner. *Whiting v. State* (1987), Ind., 516 N.E.2d 1067.

Having presented no support in the record for his bare allegation that a juror improperly took and used notes, and having failed to bring the alleged misconduct to the trial court's attention during the trial, the defendant has waived this issue.

### 2. Cross–Examination on Mental Condition

The defendant next argues that the trial court erroneously refused to permit questioning of the State's witness Bruce Delphia, the defendant's accomplice, regarding Delphia's prior mental condition.

Prior to commencement of trial, the defendant asserted that Delphia was an incompetent witness due to a prior history of treatment for a mental disorder. The trial court thereafter granted the State's oral motion *in limine* to prohibit the introduction of any evidence concerning Delphia's

prior hospitalization or treatment for any emotional or mental conditions. Although not necessary, the trial court expressly qualified his ruling "pending some evidence or further argument from the defendant."

Notwithstanding the challenge to his mental competency as a witness, Delphia was permitted to testify. While acknowledging that competency is a question only for the court, the defendant argues that credibility is an issue for jury determination, and he asserts that he should have been entitled to fully cross-examine Delphia regarding his prior mental condition.

■ During the defense cross-examination of Delphia, however, we find no attempts by defense counsel to ask questions or otherwise present evidence regarding any history of prior mental problems.

A motion *in limine* is not a final ruling on the admissibility of evidence, but rather serves to prevent the display of prejudicial material to the jury until the trial court has the opportunity to make an evidentiary ruling within the trial context. *Greene v. State* (1987), Ind., 515 N.E.2d 1376; *Hutcherson v. State* (1987), Ind., 507 N.E.2d 969. While the final evidentiary ruling is appealable, a ruling on a motion *in limine* usually preserves nothing for appeal. *Greene. See also Washburn v. State* (1986), Ind., 499 N.E.2d 264, 267. To preserve error, a party must, during trial but out of the hearing of the jury, propose the questions or offer the evidence believed to be prohibited by the order *in limine* and obtain a final evidentiary ruling. *Rohrkaste v. City of Terre Haute* (1984), Ind.App., 470 N.E.2d 738, 741. Failure to offer the excluded material constitutes waiver of the issue. *Id.*

In the present case, defense counsel's cross-examination of Delphia did not include any attempt to ask any questions regarding prior hospitalization and treatment. Defense counsel's trial strategy appeared to be acquiescence to the limits imposed by the granting of the motion. At one point during a discussion with the trial judge regarding the scope of the motion *in limine*, defense counsel claimed his line of questioning was within the limitations of the motion *in limine* and that he was not trying to delve into Delphia's past psychiatric history. The record also contains defense counsel's request for time during trial to instruct his witnesses to make no reference to Delphia's psychiatric care, because "[t]here's still a motion *in limine* in this matter." Under these circumstances, the defendant cannot now allege that his cross-examination of Delphia was improperly limited.

### 3. Impeachment by Juvenile Record

The defendant next claims that error resulted because he was limited in impeaching a witness, Benita Delphia, by cross-examination regarding her juvenile record. He cites *Terrell v. State* (1987), Ind.App., 507 N.E.2d 633, in support of this argument.

■ We disagree. As a general rule, evidence relating to juvenile delinquency proceedings cannot later be used as evidence for purposes of impeachment. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379. *See also Goolsby v. State* (1987), Ind., 517 N.E.2d 54; *Engle v. State* (1987), Ind., 506 N.E.2d 3. Admission of the juvenile records was permitted in *Terrell* only because counsel had stated in his opening statement that the witness had "no record." The *Terrell* court properly found that the general rule of non-disclosure could not be applied to conceal juvenile adjudication of delinquency for nine acts of burglary under such circumstances. *Terrell* does not apply here. We find no error on this issue.

### 4. Identification Evidence

The defendant contends that he was identified as the perpetrator only by circumstantial evidence and that such evidence was not sufficiently substantial to remove reasonable doubt.

■ The defendant was identified at trial by his accomplice, Delphia, who testified that he was present when the defendant, wearing a gorilla mask and carrying a knife, robbed the Village Pantry store. Another witness, Marla Parkhurst, testi-

fied regarding defendant's subsequent admission of his involvement in the robbery. The identification evidence was not insufficient.

### 5. Habitual Offender Arraignment

The defendant next contends that the trial court erred by refusing to hold an arraignment or initial hearing on the habitual offender charge. The State concedes that an arraignment and an initial hearing are proper procedural steps for a habitual offender count, but argues that its absence here does not constitute reversible error because the habitual offender count was filed four months prior to trial and because of the absence of resulting prejudice. It was not until after the trial and resulting verdict on the robbery count that the defendant first asserted his claim that the habitual offender count should be dismissed because of the lack of an arraignment or initial hearing.

 The failure to arraign a defendant charged as a habitual offender does not present grounds for reversal in the absence of prejudice. *Shelton v. State* (1986), Ind., 490 N.E.2d 738; *Edwards v. State* (1985), Ind., 479 N.E.2d 541. In the present case, we find no prejudice nor resulting error.

### 6. Habitual Offender Charge

The defendant contends that the information charging him with habitual offender status was defective for failure to expressly charge that the prior criminal offenses were felonies. Count II charged the defendant in part as follows:

On or about the 11th day of September, 1975, in the Marion County Criminal Court, Div. II, Marion County, Indiana, Harold I. Logston Jr. was convicted and sentenced for the Commission of a Felony While Armed, to wit: Robbery; and that on September 10, 1979, in the Superior Court of Shelby County, Indiana, Harold I. Logston Jr. was convicted and sentenced for the offense of Theft; and that on or about June 2, 1981, in the Marion County Superior Court, Criminal Division, Room 4, Marion County, Indiana, Harold I. Logston was convicted

and sentenced for the offense of reckless homicide.

In *Parrish v. State* (1983), Ind., 453 N.E. 2d 234, this Court found adequate a habitual offender charge that did not allege the prior offenses were unrelated and that did not designate which court within an identified county imposed each of the prior convictions. In *Erickson v. State* (1982), Ind., 438 N.E.2d 269, we refused to find a habitual offender charge defective for lack of specificity. While the habitual offender charge is not a separate offense, it is subject to the rules governing the charging of criminal offenses and must be sufficiently specific to advise a defendant of the conduct with which he is charged so that he may prepare his defense. *Anderson v. State* (1982), Ind., 439 N.E.2d 558; *Griffin v. State* (1982), Ind., 439 N.E.2d 160. Absence of detail is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him. *Little v. State* (1986), Ind., 501 N.E.2d 447.

 In the present case, the defendant was not misled. The habitual offender charge described the prior offenses with sufficient certainty to enable the defendant to prepare and present his defense. We find no error on this issue.

### 7. Authentication of Documents

The defendant finally contends that the finding of habitual offender resulted from improper evidence of the prior offenses. He alleges various errors in the admission of such evidence. The defendant argues that the trial court erred in admitting certain documents in the habitual offender phase because the documents were not properly authenticated pursuant to Ind. Code § 34-1-17-7. This statute provides for admission of copies of public records when they are attested as true and complete by the keeper of the records under the seal of his office.

Exhibit 10 is a certified copy of the records of the Department of Corrections for inmate Harold I. Logston Jr., containing in three parts his photograph, fingerprint card and description and commitment

in CR75–56D. Exhibit 11 is a certified copy of the charging information in CR79–8, charging Harold Ivan Logston Jr. with theft on January 12, 1979, and a copy of one page of the docket sheet in CR79–8, showing Harold Ivan Logston Jr. being sentenced, on September 10, 1979, to the Department of Corrections for three years. Exhibit 12 is an Indiana Reformatory information card describing Harold Ivan Logston, his photograph from the Indiana Reformatory, fingerprint card and Indiana Department of Corrections Parole Investigation Request for Harold Logston. Exhibit 13 is a certified copy of the records of the Department of Corrections for inmate Harold Ivan Logston Jr., containing in two parts his commitment in CR75–56D and his commitment in CR79–8. Exhibit 15 is a certified copy of the commitment of Harold Ivan Logston in CR80–420D, a certified copy of the indictment in CR80–420D charging Harold Ivan Logston with arson and murder and a certified copy of a Motion to Nolle in CR80–420D.

■ The defendant asserts that these documents were not properly authenticated under the procedures in Ind.Code § 34–1–17–7. However, Trial Rule 44(A)(1) is an alternative method of authentication and is a sufficient means of certifying court records in a habitual offender proceeding. *Moore v. State* (1987), Ind., 515 N.E.2d 1099, 1104; *Earls v. State* (1986), Ind., 489 N.E.2d 516, 518. Trial Rule 44(A)(1) provides that an official record may be evidenced by a copy attested by the officer having the legal custody of the record or by his deputy. Exhibits 11 and 15 were certified by the clerk of each court with the seal of each office in compliance with Trial Rule 44(A)(1) and were properly admitted. Although the docket sheet page included in Exhibit 11 was not certified, any error in its admission is harmless because the entire docket for CR79–8 is contained in Exhibit 18 and is properly certified.

■ Exhibits 10 and 13 were certified copies of prison records. Exhibit 10 was certified by Donald E. Musick, release coordinator, designated as keeper of the Records for the Indiana Reformatory, and was properly notarized. Exhibit 13 was certified by Michael Q. Swain, records controller, designated as keeper of the Records for the Central Office of the Indiana Department of Correction, and was properly notarized. Certified copies of prison records are properly admissible as public records and may be used to establish the fact of defendant's prior felony convictions. *Wilson v. State* (1987), Ind., 513 N.E.2d 653, 657. *See also Seeglitz v. State* (1986), Ind., 500 N.E.2d 144. Exhibits 10 and 13 were properly admitted.

■ Exhibit 12 contained no official certification. However, Sam Whiteman, director of records for the Indiana Department of Correction, testified that the items in Exhibit 12 were records ordinarily kept by the Indiana Department of Correction and that they were true and accurate copies and originals of the material kept as records. An official record may be attested to by the person who has custody of those records, regardless of whether that person has first-hand knowledge of the underlying transaction. *Lyons v. State* (1987), Ind., 506 N.E.2d 813, 816. The witness is required to demonstrate only that the document is a part of records kept in the routine course of business and placed in the record by an authorized person who had personal knowledge of the underlying transaction. *Id.* at 817. Records contained in the usual course of business are presumed to have been placed there by those who have a duty to so record and have personal knowledge of the transaction represented by the entry, unless there is a showing to the contrary. *Id.* Exhibit 12 was properly admitted.

■ The defendant also argues that Exhibit 10 should not have been admitted because the commitment order for the armed robbery conviction showed it was from Marion County Criminal Court Division Four, while the habitual offender information showed Criminal Division Two. Such a discrepancy goes to the weight of the identification evidence, not its admissibility and is within the province of the jury. *Cavendish v. State* (1986), Ind., 496 N.E.2d 46.

*See also Barger v. State* (1984), Ind., 466 N.E.2d 725.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.