**James HINKLE, Sr.,**
**Petitioner–Appellant,**

v.

**STATE of Indiana,**
**Respondent–Appellee.**

No. 02A03–9005–PC–209.

Court of Appeals of Indiana,
Third District.

Sept. 11, 1990.

Transfer Denied Feb. 6, 1991.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Hinkle was tried by jury and was convicted of murder. His conviction was affirmed by the supreme court on direct appeal. *Hinkle v. State* (1984), Ind., 471 N.E.2d 1088. He now appeals from denial of his subsequent petition for post conviction relief.

At his trial no instruction was requested or given specifically advising the jury about the presumption of innocence. He contends this constituted fundamental error. We disagree.

■ Ordinarily, of course, a defendant may not complain about the court's refusal to give an instruction on a particular subject unless the defendant has tendered an appropriate instruction that was refused. *See, e.g., Ward v. State* (1988), Ind., 519 N.E.2d 561.

■ Moreover, in order to constitute fundamental error, an error must be blatant and the potential harm must be so substantial and apparent that to ignore it would clearly constitute a denial of due process. *Burkes v. State* (1983), Ind., 445 N.E.2d 983, 985.

■ Here the court instructed the jury both preliminarily and in its final instructions concerning the state's burden to prove guilt beyond a reasonable doubt. The extent to which the jury is instructed is normally a matter within the court's discretion. *Pike v. State* (1989), Ind., 532 N.E.2d 3. In addition, it has been recognized that our requirement to instruct on both the burden of proof and the presumption of innocence when properly requested exceeds the requirements of the Due Process Clause. *Vaughan v. State* (1983), Ind.

App., 446 N.E.2d 1. We are unable to say under these circumstances that failure to separately instruct on the presumption of innocence where the defendant fails to request such an instruction constitutes fundamental error. It does not deny him fundamental due process or gravely undermine confidence in the verdict of the jury. Accordingly, no error was presented concerning such an instruction and post conviction relief was properly denied.

■ Hinkle makes the same complaint concerning the court's failure to instruct the jury that it had the right to determine the law and the facts pursuant to Article I, Section 19 of the Indiana Constitution. Again no such instruction was requested by trial counsel, although he did tender six instructions (five of which were given by the court) relating to Hinkle's claim of self defense, mistake of fact, and motive. In addition, the jury was instructed to decide the case solely upon the law and the evidence and that it was their province to determine the weight to be given the evidence and the credibility of the witnesses. Under these circumstances we must clearly conclude that failure to request a specific instruction concerning the jury's right to determine the law and the facts constituted a waiver of that issue.

■ Finally, Hinkle asserts that he was denied the effective assistance of counsel because his trial counsel did not request the two instructions referred to above. Counsel on Hinkle's direct appeal was not the same as trial counsel. Therefore, this issue was waived when it was not presented in Hinkle's direct appeal. *Resnover v. State* (1989), Ind., 547 N.E.2d 814; *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied* 475 U.S. 1036, 106 S.Ct. 1247, 89 L.Ed.2d 355; *Lane v. State* (1988), Ind., 521 N.E.2d 947; Indiana Rules of Procedure, Post Conviction Remedy Rule 1, section 8.

Affirmed.

HOFFMAN, P.J., and BAKER, J., concur.