Joseph E. DAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9412–CR–482.

Court of Appeals of Indiana.

Sept. 9, 1996.

Kurt A. Young, Nashville, for Appellant.

Pamela Carter, Attorney General of Indiana, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RUCKER, Judge

After a trial by jury Joseph Day was convicted of three counts of child molesting, two as Class C felonies[1] and one as a Class D felony.[2] He now appeals raising four issues for review which we restate as follows: (1) Was the sentence erroneous? (2) Did the trial court err in excluding testimony that the state allegedly threatened a witness? (3) Did the trial court err in failing to instruct the jury concerning Day's uncharged misconduct and prior convictions? (4) Was the evidence sufficient to sustain the conviction? We affirm.

The facts most favorable to the verdict reveal that on several occasions during April 1993 Joseph Day sexually molested S.C., his fifteen year old stepdaughter. The acts occurred in the family home and on at least one occasion were witnessed by S.C.'s younger brother. Day was charged with three counts of child molesting and after trial by jury was convicted on all counts. Running the counts consecutively, the trial court sentenced Day to a total term of nineteen years. Day was ordered to serve an executed term of ten years and was placed on probation for a period of nine years. This appeal ensued in due course. Additional facts are discussed below where relevant.

## I.

Day launches a three pronged attack challenging his sentence. First, he argues that the statement of aggravating factors is inadequate because the court enhanced his sentence based on his prior criminal activity without reciting the incidents comprising such activity. Second, he takes issue with long standing authority which provides that a single aggravating factor may be used to support both an enhancement of a sentence and the imposition of consecutive sentences. Third, he argues that the trial court erred in ordering his nine year probationary period to begin upon completion of the executed sentence.

Our standard in reviewing a sentence is well settled. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of discretion. *Jones v. State*, 600 N.E.2d 544 (Ind.1992). Where the trial court enhances a sentence due to the defendant's prior criminal record, we require that the trial court detail such activity, and not merely recite statutory language. *Mundt v. State*, 612 N.E.2d 566 (Ind.Ct.App.1993), *trans. denied.* However, in non-death penalty cases it is sufficient if the trial court's reasons for enhancement are clear from a review of the sentencing transcript. *Id.* In enhancing Day's sentence the trial court noted Day's prior criminal history. Although the trial court did not recite the incidents comprising such history, the pre-sentence re-

1. Ind.Code § 35–42–4–3(c).

2. Ind.Code § 35–42–4–3(d).

port reveals that Day has been convicted of several crimes including burglary, theft, and battery. The law is clear that a single factor may provide the aggravating circumstance necessary to support an enhanced sentence. *Reynolds v. State*, 575 N.E.2d 28 (Ind.Ct. App.1991), *trans. denied.* The record here adequately supports the trial court's decision to enhance Day's sentence.

Day next complains the trial court erred in placing him on probation for nine years to begin after his executed term has been served. According to Day because the sentences imposed are consecutive then the probationary term for each offense should be consecutive as well. In other words, Day contends, the probationary period may not exceed the suspended sentence for an individual offense. Day cites no authority for this proposition and our own research reveals no such authority. Ind.Code § 35–50–2–2(c) provides in relevant part:

> [W]henever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire.

Contrary to Day's argument, the foregoing statute does not prohibit the trial court from ordering a person to begin his probationary term after serving consecutive sentences. *Campbell v. State*, 551 N.E.2d 1164 (Ind.Ct. App.1990). Also, while it is true that the probationary term may not exceed the suspended sentence, *see Brock v. State*, 558 N.E.2d 872 (Ind.Ct.App.1990), the nine year probation Day received in this case equals rather than exceeds his suspended sentence.

As for Day's argument that his criminal history cannot be used both to enhance his sentences and impose consecutive sentences, Day is mistaken. The law on this issue is settled: "[e]nhancement of presumptive sentences, along with imposition of consecutive sentences, may be supported by a single aggravating circumstance." *Davidson*

*v. State*, 558 N.E.2d 1077, 1092 (Ind.1990). We find no error in the trial court's sentencing.

## II.

At trial Day called his wife as a witness to testify on his behalf. During redirect examination Day asked the witness the following question: "Has the state [Welfare Department] threatened you you wouldn't get your children back?" *Record* at 418. The state objected to the question without stating its grounds therefore. The trial court sustained the objection and Day now complains that it erred in so doing. To provide a basis for reversal, excluded testimony must appear in the record by way of an offer to prove. *Bockting v. State*, 591 N.E.2d 576 (Ind.Ct.App.1992), *trans. denied.* Day made no such offer nor did he argue to the trial court any basis for the admissibility of the excluded testimony. Appellate review is thus waived. *Whited v. State*, 645 N.E.2d 1138 (Ind.Ct.App.1995).

## III.

Day took the stand in his own defense and admitted that he had accidentally hit his stepson in the leg with a knife, on occasion slapped his stepchildren on their heads, and otherwise became violent and abusive with the children whenever he had been drinking or smoking marijuana. Day admitted also that he had been previously convicted of theft and receiving stolen property. At the close of trial Day apparently tendered the following instruction: "Evidence of other criminal offenses alleged to have been committed by the Defendant ... has been introduced. The Defendant is not on trial for the other offenses. You may consider this evidence for what you think it is worth, if anything, for the purpose of showing *intent or motive of the witness testifying to those offenses.*" *Record* at 455–456 (emphasis added). The state tendered its own instruction on the issue.[3] After considerable discussion

---

3. Neither Day's proposed instruction nor the state's proposed instruction appears in the record before us. Ordinarily failure to present a record of the instructions tendered, given, and refused at trial constitutes waiver of appellate

review. *Schultz v. State*, 422 N.E.2d 1176 (Ind. 1981). However, on motion by Day a Writ of Certiorari was directed to the clerk of the Superior Court of Marion County commanding him to make and certify a supplemental record contain-

the trial court rejected Day's tendered instruction·as well as the instruction tendered by the state. The trial court indicated that it would give a pattern jury instruction to which Day objected. After further lengthy discussion concerning appropriate wording the trial court decided to give no instruction on the question of prior crimes and alleged prior misconduct. Day did not object to the trial court's decision but now appeals claiming the trial court erred by failing to give an instruction *sua sponte*.

■■■ The test for reviewing the propriety of the trial court's decision to refuse a tendered instruction is: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support giving the instruction; and (3) whether the substance of the instruction is covered by other instructions given by the court. *Evans v. State*, 571 N.E.2d 1231 (Ind.1991). Day's proposed instruction fails the first prong of the test; it is an incorrect statement of the law. Specifically, the instruction suggests that the . jury could consider evidence of Day's extrinsic offenses for the purpose of evaluating the intent or motive of the witnesses who testified concerning those offenses. This would amount to a credibility instruction specifically directed to particular witnesses. The law on this point is settled "[a]n instruction which is directed to the testimony of a particular witness intimates an opinion on the credibility or weight of that witness' testimony, invades the province of the jury, and is error." *Terrell v. State*, 507 N.E.2d 633, 636 (Ind.Ct.App.1987), *trans. denied.* Accordingly an instruction concerning witness credibility "should be general in nature and equally applicable to all witnesses." *Lyons v. State*, 600 N.E.2d 560, 566 (Ind.Ct. App.1992), *reh'g denied, citing Terrell* 507 N.E.2d at 636. Further, a defendant may

not complain about the court's failure to give an instruction on a particular subject unless the defendant has tendered an appropriate instruction that was refused. *See Hinkle v. State*, 569 N.E.2d 349 (Ind.Ct.App.1990), *trans. denied.* Having failed to tender a correct ·instruction on the manner in which the jury should consider his prior crimes and alleged prior misconduct, Day has waived the issue for review.

### IV.

■■■ Finally Day claims the evidence was insufficient to sustain the verdict of the jury. When reviewing a challenge to the sufficiency of the evidence our standard of review is well settled. We neither reweigh evidence nor judge witness credibility. *Landress v. State*, 600 N.E.2d 938 (Ind.1992). Rather, we examine only the evidence most favorable to the verdict along with all reasonable inferences drawn therefrom and if there is substantial evidence to support the conviction, it will not be set aside. *Nunn v. State*, 601 N.E.2d 334 (Ind.1992). Although a conviction for child molesting may be sustained on the uncorroborated testimony of the victim even where the victim is a minor, *Barger v. State*, 587 N.E.2d 1304, 1308 (Ind.1992), *reh'g denied,* in this case the victim's testimony was corroborated by her siblings. For example S.C. testified that Day forced her to engage in various ṣexual acts on numerous occasions. Under threat of punishment he would habitually order the other children to their rooms and then sexually assault S.C. Two of the children, S.C.'s younger brothers J.C. and J.G., both testified that on numerous occasions they were ordered to their rooms and Day was then left alone with S.C. On one occasion J.C., J.G., and a younger sister left their rooms, walked into the dining room and observed Day kneeling in front of S.C. whose pants had been pulled down.

---

ing all instruction tendered by the parties, including written tenders of the instructions and all instructions proposed by the trial court which were not given in the trial of this cause. In response to the Writ, the Clerk certified the instructions given by the court numbered one (1) through twenty-one (21). The instructions allegedly tendered but refused were not submitted.

We surmise that either the instructions were never made a part of the record, or the failure of the Clerk to submit them represents an oversight. In any event, because the substance of the instructions can be discerned from the colloquy between counsel and the trial court, our review of this issue is not substantially hampered.

When confronted by the children Day said that he was removing a tack from S.C.'s foot. At trial Day maintained his position concerning the tack. However, S.C. recounted the same event and testified that Day had placed his tongue in her vagina. On another occasion J.C. entered the bathroom and observed Day forcing S.C. to place her mouth on Day's penis. The evidence in this case was sufficient to sustain the conviction.

Judgment affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.