## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 25 2019, 9:36 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Dwayne Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 25, 2019

Court of Appeals Case No.
18A-CR-2609

Appeal from the Marion Superior
Court

The Honorable Kurt Eisgruber,
Judge

Trial Court Cause No.
49G01-1706-F1-23527

**Baker, Judge.**

[1] Anthony Jones appeals following his convictions for Level 1 felony rape, Level 3 felony robbery resulting in serious bodily injury, Level 4 felony sexual battery, Level 5 felony kidnapping, Level 5 felony criminal confinement, and Level 6 felony intimidation. The trial court also found Jones to be an habitual offender. Jones argues that the habitual offender charging information is insufficient as a matter of law and that the adjudication should be reversed. Finding no error, we affirm.

[2] The State charged Jones with nine counts on June 26, 2017. On April 18, 2018, the State filed an amended information adding the habitual offender allegation. The information includes the following details about three prior felony convictions:

> On or about 3/8/10, in Marion County Superior Court, Criminal Division, Room F09, State of Indiana, Anthony Dwayne Jones was convicted of Intimidation, a Class D Felony under Cause Number 49F09-1002-FD-008534.
>
> And;
>
> On or about 12/12/14, in Marion County Superior Court, Criminal Division, Room G02, State of Indiana, Anthony Dwayne Jones was convicted of Robbery, a Class B felony and Handgun[,] Carrying without a Lic[ense], a Class C Felony, under Cause Number 49G02-1009-FB-073340.
>
> And;
>
> On or about 12/11/14, in Marion County Superior Court, Criminal Division, Room G24, State of Indiana, Anthony Dwayne Jones was convicted of Failure to Return to Lawful

Detention, a Class [sic] 6 Felony under Cause Number 49G24-1411-F6-052690.

Appellant's App. Vol. II p. 68 (original emphases omitted). On August 28, 2018, the jury convicted Jones of the above-listed charges. On September 28, 2018, the trial court found him to be an habitual offender and sentenced him to an aggregate term of sixty-five years imprisonment.

[3] Jones's sole argument on appeal is that the habitual offender allegation does not include sufficient information to put him on notice of the charged offense. *See, e.g.*, *Thompson v. State*, 761 N.E.2d 467, 470 (Ind. Ct. App. 2002) (holding that absent sufficient notice that a particular offense is charged, a defendant cannot be convicted or sentenced for that offense).

[4] To support an habitual offender allegation with respect to a person convicted of a Level 1 through Level 4 felony, the State must prove beyond a reasonable doubt that the defendant has been convicted of two prior, unrelated felonies and that at least one of those prior felonies is not a Level 6 or a Class D felony. Ind. Code § 35-50-2-8(b). Additionally, the State must show that "the commission of the second [offense] was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction." *Webster v. State*, 628 N.E.2d 1212, 1215 (Ind. 1994), *abrogated in part on other grounds by Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). Jones maintains that because the charging information does not provide

the commission or sentencing dates for the prior offenses, it does not include all essential elements for the charge and the adjudication cannot stand.

[5] We disagree. Our Supreme Court has refused to find an habitual offender charge defective for lack of specificity unless the phraseology in the information misleads the defendant or fails to give him notice of the charges against him. *Logston v. State*, 535 N.E.2d 525, 528 (Ind. 1989) (finding an habitual offender charge sufficiently specific where it failed to expressly charge that the prior criminal offenses were felonies).

[6] Here, the charging information describes four prior felonies and includes one felony that is neither a Class D nor a Level 6 felony. For each conviction, it lists the date of the conviction, the court in which the conviction occurred, the type of conviction, and the cause number. We find that these details include enough information to have given Jones sufficient certainty to prepare and present his defense. Therefore, we find no error.

[7] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.