**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIA R. BREWER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WESLEY ALLEN THOMPSON, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1205-CR-283 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-1201-FD-15

February 12, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Wesley Thompson appeals his sentence for perjury, a Class D felony. On appeal, Thompson raises two issues for our review: whether his sentence was an abuse of the trial court's discretion; and whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding that his sentence is neither inappropriate nor an abuse of discretion, we affirm.

## Facts and Procedural History

In 2005, Thompson pleaded guilty to various charges, and at his plea hearing he implicated co-defendant Larry Dean in the crimes. In 2011, Thompson testified at Dean's post-conviction relief hearing, testifying at that time that he had lied under oath in 2005 and that Dean was not in fact involved in the crimes as Thompson had previously claimed. At the time of the post-conviction relief hearing, Thompson had served the executed portion of his sentence from 2005 and had entered the Grant County Re-Entry Court program. Following his testimony at Dean's hearing, Thompson was charged with perjury as a Class D felony, and in April 2012, Thompson pleaded guilty to the charge. In the Order of Sentence, the court found two aggravating factors—that Thompson was on probation at the time he committed perjury; and that he had a prior juvenile and adult criminal history, including convictions for robbery and burglary, which are also crimes of dishonesty—and found as the sole mitigating factor that Thompson pleaded guilty without the benefit of a plea agreement. Thompson was sentenced to three years imprisonment, with two years executed and one year suspended to probation. This appeal followed.

## I. Discretion in Sentencing

### A. Standard of Review

The determination of a defendant's sentence is within the trial court's discretion, and we review sentencing only for an abuse of that discretion. Newman v. State, 719 N.E.2d 832, 838 (Ind. Ct. App. 1999), trans. denied. It is the trial court's responsibility to determine the weight to be given to aggravating or mitigating circumstances, and the proper weight to be afforded to mitigating factors may be no weight at all. Id. "An allegation that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance." Hackett v. State, 716 N.E.2d 1273, 1278 (Ind. 1999).

### B. Thompson's Sentence

Thompson argues that the trial court erred in enhancing his sentence beyond the advisory sentence of one and one-half years,[1] and that the error was based on a failure to identify three additional mitigating factors: 1) that Thompson is likely to respond well to probation; 2) that his offense did not cause or threaten harm to person or property; and 3) that his crime of perjury is unlikely to recur.

Thompson first argues that the record shows he is likely to respond well to probation, because at sentencing evidence was presented showing that he had been in the

---

[1] "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years. . . ." Ind. Code § 35-50-2-7(a).

Grant County Re-Entry Court program and there was no evidence that he had violated probation prior to being charged with perjury. Additionally, Thompson testified that he had completed the Thinking for a Change program, was working toward his GED, and was looking for work. The State counters that the very fact that Thompson violated his probation when he committed perjury indicates that he does not respond well to probation. While we agree that it would have been reasonable for the court to take into consideration Thompson's progress while on probation, we do not agree that on the whole his accomplishments were so significant that the trial court was obligated to consider them as mitigating factors.

Thompson next argues that the court should have found as a mitigating factor that Thompson's perjury did not cause or threaten harm to person or property because he was trying to make right his lie regarding Dean in 2005. Firstly, we note that the State did not, and did not need to, specify which of Thompson's statements was false. Thompson was charged with perjury under Indiana Code section 35-44.1-2-1,[2] which states that:

> (a) A person who:
>> (1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true; or
>> (2) has knowingly made two (2) or more material statements, in a proceeding before a court or grand jury, which are inconsistent to the degree that one (1) of them is necessarily false;
> commits perjury, a Class D felony.
> (b) In a prosecution under subsection (a)(2):
>> (1) the indictment or information need not specify which statement is actually false; and
>> (2) the falsity of a statement may be established sufficiently for conviction by proof that the defendant made irreconcilably contradictory statements which are material to the point in question.

---

[2] At the time Thompson was charged, perjury was codified at Indiana Code section 35-44-2-1 with identical language to the current statute. Thompson was charged under subsection (a)(2).

4

Therefore, it was enough to show that Thompson made irreconcilably contradictory material statements before the court. However, regardless of which statement was actually false, we cannot say in either case that Thompson's perjury did not cause or threaten harm. If we believe Thompson that his 2005 statement was false and his 2011 statement was the truth aimed at righting a past wrong, then we certainly cannot agree that his 2005 perjury caused no harm, as it would have placed unjustified blame on an innocent person, who in fact went to prison for the offense. If on the other hand Thompson was lying in 2011 at Dean's post-conviction relief hearing, then, as the State points out, the statement would have deceitfully bolstered the early release of a guilty felon back into society— again, an outcome that we cannot say is without harm.

Finally, Thompson argues that the court should have found as a mitigating factor that his perjury was unlikely to recur. Thompson implies that the very nature of the crime makes it unlikely to recur, but under that viewpoint the crime of perjury would automatically supply itself with a mitigating factor, which hardly seems reasonable. As to Thompson in particular, the court found as an aggravating factor that he had prior convictions for other crimes of dishonesty. Thompson does not supply evidence that is significant and supported by the record to convince us that it is implausible that he might lie to a court again in the future if given an opportunity, much less that the court should have considered the likelihood of recurrence as a mitigating factor.

While it is possible that we may have taken additional mitigating factors into consideration had we been in the shoes of the trial court, that is not the standard by which we judge the court's decision. Our review gives a level of deference to the trial court's sentencing decision, and Thompson has not convinced us that his proffered mitigating

circumstances rise to the level of an abuse of that discretion. We thus conclude that the trial court did not err in enhancing his sentence.

## II. Appropriateness of Sentence

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Thompson's argument here largely rehashes his arguments related to mitigating factors above. Additionally, Thompson urges us to consider his sentence for probation violation in addition to his sentence for perjury, even though his probation violation sentence is not before us, and cites to Cardwell v. State, 895 N.E.2d 1219 (Ind. 2008). The State counters that revocation of probation is related to the sentence for the original offenses that gave rise to that probation, and not as part of an aggregate sentence for the new crime of perjury which here led to the violation of probation. We agree with the State, and note that while Cardwell advocated looking at the aggregate sentence, the court in Cardwell was discussing multiple counts in the same case rather than the more distinct situation of revocation of probation and a separate sentence for a crime underlying that revocation.

As for the nature of the offense and the character of the offender, we refer back to our analysis above. It appears that Thompson made progress in some areas while on probation, but the record also shows that he had a prior criminal history involving other crimes of dishonesty. And as noted above, we do not agree with Thompson's estimation

6

that his crime of perjury had no victim or threat of harm.  Thompson has not carried his burden of persuading us that, in light of the nature of the offense and his character, his sentence was inappropriate.

## Conclusion

Concluding that the trial court did not abuse its discretion in setting Thompson's sentence, and that his sentence is not inappropriate, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.