**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES W. BAKER, JR., ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 03A01-1302-CR-49 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1204-FB-1743

**July 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

James W. Baker, Jr., appeals his sentence for two counts of burglary as Class C felonies.  On appeal, Baker raises one issue:  whether the trial court abused its discretion in failing to consider mitigating factors when determining Baker's sentence.[1]  Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

In April 2012, Baker was charged with burglary as a Class B felony, and later two additional charges for burglary were added—count two as a Class B felony and count three as a Class C felony.  The charges stemmed from incidents in August 2011.  In November 2012, Baker entered into a plea agreement with the State, and pursuant to the agreement he pleaded guilty to the lesser included charge of burglary as a Class C felony for both counts one and two, with the State dropping the charges on count three.  In January 2013, the trial court held a sentencing hearing.  At the hearing, Baker testified that his criminal history was all related to his drug addiction, in that the crimes were committed when he was on or in search of drugs.  He testified that he has been going to Alcoholics Anonymous/Narcotics Anonymous meetings and was enrolled in an automotive tech program.  He also noted that he has a six-year-old daughter whom he has supported as much as he could, and that both of his parents had medical problems and his father was worried that he was not going to see Baker again.  Baker also apologized to the victims of his crimes.

---

[1] Baker filed a motion to amend his brief on June 21, 2013, which we denied.  Baker then filed a second, identical, motion to amend brief, postmarked July 4, 2013, which we determine was moot because his first motion to amend had been denied.

2

The trial court found no mitigating circumstances, stating at the hearing that Baker's daughter was born before the current offenses were committed and that when one commits a crime, it is clear that might limit the person's ability to be around for his parents. The court found four aggravating factors: Baker's significant criminal history, including five previous felonies and twelve convictions overall; that Baker was on parole at the time of the underlying offense; that Baker had been on probation or parole before and had violated four times; and that, as a slight aggravator, Baker had been offered treatment outside of a penal facility and it was not successful.

The trial court sentenced Baker to eight years on each of the two counts, all executed, to be served concurrently with each other but consecutively with Baker's sentences in two other, separate cases. In its order, the trial court also recommended that the Department of Correction place Baker in a substance abuse program while he is incarcerated. Baker now appeals.

Discussion and Decision

I. Standard of Review

The determination of a defendant's sentence is within the trial court's discretion, and we review sentencing only for an abuse of that discretion. Newman v. State, 719 N.E.2d 832, 838 (Ind. Ct. App. 1999), trans. denied. It is the trial court's responsibility to determine the weight to be given to aggravating or mitigating circumstances, and the proper weight to be afforded to mitigating factors may be no weight at all. Id. "An allegation that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. The trial court is not obligated to accept the defendant's

3

contentions as to what constitutes a mitigating circumstance." Hackett v. State, 716

N.E.2d 1273, 1277-78 (Ind. 1999) (citation omitted).

## II. Baker's Sentence

Baker contends that there are four factors that the trial court should have considered as mitigating factors in determining his sentence: the fact that he pleaded guilty, his drug addiction, his remorse at sentencing, and family hardship. We will address each in turn.

As for his guilty plea, our supreme court has noted that the mitigating quality of a guilty plea will vary from case to case. Anglemyer v. State, 875 N.E.2d 218, 221 (Ind. 2007). A guilty plea is not necessarily a significant mitigating factor when it does not demonstrate an acceptance of responsibility, or where the defendant receives a substantial benefit in return for the plea. Id. Here, the plea agreement provided that one of the three counts against Baker was to be dismissed, and Baker would plead to lesser included charges on the other two counts. We cannot say that Baker has established that this factor was significant or that the court erred in failing to find it as a mitigating factor.

Baker testified to his long-standing drug addiction problem. He also indicated that addiction programs had been available to him in the past, but he had chosen not to take advantage of programs that were only voluntary and were not required. Drug addiction is not necessarily a mitigating factor. See Rose v. State, 810 N.E.2d 361, 366-67 (Ind. Ct. App. 2004) (holding that the court did not err in finding that addictions were not a mitigating circumstance). The court was aware of Baker's addiction, but also noted that treatment had been offered in the past and was not successful. We also note that the court

4

recommended that Baker be placed in a substance abuse program while incarcerated for this offense, indicating that the court considered Baker's addiction in the sentencing order, just not as a mitigating factor as Baker would prefer.

Baker also contends that the court should have considered his remorse as a mitigating factor. While testifying at the sentencing hearing, Baker did apologize to the victims of his crimes. However, remorse is similar to a determination of credibility, and "without evidence of some impermissible consideration by the trial court, a reviewing court will accept its determination as to remorse." Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), trans. denied. There is no indication here of any impermissible consideration by the trial court in failing to include remorse as a mitigating factor.

Finally, Baker argues that the trial court should have considered hardship to his family as a mitigating factor. Firstly, we note that the relevant consideration is whether incarceration will impose an undue hardship. Jones v. State, 790 N.E.2d 536, 540 (Ind. Ct. App. 2003). Additionally, our supreme court has noted that "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999). Baker does not assert any special circumstances here, but only argues that he was supporting his child prior to arrest, and that his incarceration would therefore be a hardship to her. The trial court was not required to find this a mitigating factor. As for Baker's parents, undue hardship there may have been a mitigating factor if the evidence showed that he was supporting and helping his parents prior to his arrest. However, the gist of his testimony at sentencing was that his father had become ill and needed assistance, and that his mother had medical

5

issues that limited her as well. There was no indication in his testimony, or in his brief, of what, if any, assistance he had been providing that would now be denied to them. The court considered his parents' health and declined to find it a mitigating factor. In sum, Baker has not established that there is mitigating evidence that is both significant and clearly supported by the record and thus there was no abuse of discretion.

<u>Conclusion</u>

Concluding that the trial court did not abuse its discretion in failing to find mitigating factors when determining Baker's sentence, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.