**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID W. LAMONT**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACK PERKINS, III | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1306-CR-315 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1202-FA-173

**January 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Jack Perkins III appeals his convictions for child molesting as a Class A felony and confinement as a Class B felony. Perkins raises two issues on appeal: 1) whether the trial court abused its discretion in its imposition of the sentence for child molesting; and 2) whether Perkins's sentence is inappropriate in light of his character and the nature of the offense. Concluding that the trial court did not abuse its discretion and the sentence is not inappropriate, we affirm.

## Facts and Procedural History

According to the probable cause affidavit, in January 2012 nine-year-old B.A. was playing outside with a friend when Perkins pulled up, asked B.A. to get a piece of paper out of the car, and then shut B.A. in the car and drove off. Perkins soon pulled over, got into the backseat, and removed his own pants and B.A.'s clothes. Perkins then proceeded, according to B.A., to have B.A. straddle him and then put his penis in B.A.'s anus. B.A. was eventually able to escape.

Following up on tips responding to a description of the suspect and his vehicle, a sergeant from the Evansville Police Department went to Perkins's home and, after verifying that Perkins's vehicle was as B.A. described, asked Perkins to come to police headquarters.

Perkins agreed to talk to police and eventually confessed to driving off with B.A., having B.A. straddle him, putting his finger—but not his penis—in B.A.'s anus, and then ejaculating. Perkins said that he then told B.A. to get out of the car. Responding to the interrogating officer's question, Perkins said that he had done this once or twice to other

kids.[1] Perkins indicated that the previous incident involved a child smaller than B.A., and that Perkins had done the same thing and then let the child go. Later investigation failed to lead to the discovery of children other than B.A. who might have been Perkins's victims.

Perkins was charged with four counts: two counts of child molesting as Class A felonies, and two counts of criminal confinement as Class B felonies. Pursuant to a plea agreement, and following a determination that Perkins was competent but mentally ill, Perkins pleaded guilty but mentally ill to one count of child molesting and one count of confinement, with sentencing left to the court's discretion; the remaining two counts were dropped.

Perkins was also indicted in federal court for a count involving possession of sexually explicit materials involving minors, following an examination of his home computer subsequent to his arrest in this case.

Prior to sentencing, the trial court reviewed a recording of the four-hour interrogation of Perkins, as well as a Presentence Investigation Report ("PSI") noting that Perkins had no prior criminal history, concluding that he was at a low risk to re-offend, and suggesting that he be sentenced to thirty years for the child molesting charge and ten years for the confinement charge.

In May 2013, a sentencing hearing was held. At the end of the hearing, as mitigating factors, the court found that Perkins had no previous criminal convictions; had pleaded guilty—noting that, although the evidence against Perkins was strong, the fact

---

[1] The probable cause affidavit indicates that Perkins first said he had done this twice before, and then said he had done it once before but held up two fingers when he said "once."

that he accepted the plea relieved the victim from having to testify; had a documented history of mental illness, including ADHD, schizophrenia, learning disability, and hypomania; and had expressed remorse for his crimes.

As aggravating factors, the court found that the victim was less than twelve years old—noting age was an aggravating factor here because of the great difference between the age of the victim, nine years old, and the statutory age of fourteen; that the confinement charge was committed in the presence or hearing of an individual, other than the victim, who was under eighteen years of age; that there was uncharged conduct in which Perkins admitted to a separate incident involving a different child; and the emotional or psychological injury to the victim, in that it was in excess of what was required for the elements of the offense. The court also noted that the PSI had indicated that Perkins was at a low risk to re-offend, but that the person who prepared that report did not seem to have all of the information that was presented at sentencing.[2]

The trial court then sentenced Perkins to forty-five years on the child molesting charge and fifteen years on the confinement charge, to be served concurrently. The court also found Perkins to be a sexually violent predator and a credit restricted felon. This appeal followed.

---

[2] It appears that the PSI did not take into account Perkins's confession or the child pornography found on his computer.

4

## Discussion and Decision

### I.  Sentencing by Trial Court

#### A.  Standard of Review

The determination of a defendant's sentence is within the trial court's discretion, and we review sentencing only for an abuse of that discretion.  Newman v. State, 719 N.E.2d 832, 838 (Ind. Ct. App. 1999), trans. denied.  It is the trial court's responsibility to determine the weight to be given to aggravating or mitigating circumstances, and the proper weight to be afforded to mitigating factors may be no weight at all.  Id.  "An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record.  The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance."  Hackett v. State, 716 N.E.2d 1273, 1277-78 (Ind. 1999) (citation omitted).

#### B.  Perkins's Sentence

Perkins argues that the trial court abused its discretion in imposition of his sentence in three ways:  by not considering the PSI finding that Perkins was at a low risk to re-offend as a mitigating factor; by not accepting the recommendation of the PSI that Perkins be sentenced to the advisory sentence of thirty years for the child molesting charge; and by considering uncharged conduct as an aggravating factor.  We disagree that the trial court abused its discretion on any of these points.

The PSI found that Perkins was at a low risk to re-offend, but the trial court specifically noted that the person preparing the report seemed not to have had all of the information that was presented to the court for consideration in sentencing.  The State

5

suggests that the PSI considered neither Perkins's confession to committing a similar crime previous to this incident nor the many "violent" pornographic images of children that were found on his computer and appeared to have been put there over a period of time between 2009 and 2011. Transcript at 19. Indeed, the PSI makes no mention of either of these factors, and the trial court did not abuse its discretion in giving little to no weight to the finding that Perkins was at a low risk to re-offend.

As for the probation department's recommendation, via the PSI, that Perkins be sentenced to the advisory sentences for both counts (thirty years for child molesting as a Class A felony, and ten years for confinement as a Class B felony), the trial court was not bound by that recommendation. Lemond v. State, 878 N.E.2d 384, 394 (Ind. Ct. App. 2007), trans. denied. Moreover, this goes back to the trial court's notation that the PSI preparer did not consider all of the relevant facts in coming to the conclusions and recommendations within the PSI. The trial court did not abuse its discretion in sentencing Perkins for more time than recommended in the PSI.

Finally, Perkins argues that the trial court abused its discretion in considering uncharged conduct in determining the appropriate sentence. We have said before that prior criminal activity does not need to be reduced to a conviction before it may be considered as an aggravating factor in sentencing. Harlan v. State, 971 N.E.2d 163, 170 (Ind. Ct. App. 2012). Here, Perkins confessed to having committed at least one other act similar to the incident in this case. Testimony was that, following the confession, Perkins took officers to the location where the crime occurred and described what he had done. The trial court noted that it had listened to Perkins's entire interview/confession, and in that interview he described the uncharged offense and some of the details there were

6

different from those in the current offense—implying a confidence that Perkins was not just confused or confessing to the same crime twice. The trial court did not abuse its discretion by considering uncharged conduct in determining Perkins's sentence.

## II. Appropriateness of Sentence

### A. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). "[R]evision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of both the nature of his offenses and his character." Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis in original). When conducting this inquiry, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied, abrogated on other grounds by Bethea v. State, 983 N.E.2d 1134, 1144 (Ind. 2013). At the end of the day, our determination will depend on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008).

### B. Perkins's Sentence

Perkins also argues that his sentence is inappropriate in light of his character and the nature of his offense. We disagree. The offense involved a child well under the statutory age who was taken in view of one of his friends. Moreover, Perkins's

7

admission of having committed a similar crime previously, in addition to the numerous violent images of child pornography found on his computer, indicate that the sentence is especially appropriate in light of his character. We note that Perkins received a benefit from the plea agreement in that two of the charges against him were dropped, and additionally that his sentences are set to run concurrently. We do not believe that the effective forty-five years executed is inappropriate in light of the nature of the offense and Perkins's character.

## Conclusion

Concluding that the trial court did not abuse its discretion in imposition of Perkins's sentence, and that the sentence is not inappropriate, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.

8