**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2014, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICE D. BECKHAM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1305-CR-234 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas Stefaniak, Jr., Judge
Cause No. 45G04-1111-MR-00007

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issues

Maurice Danyeal Beckham appeals his sentence, following a guilty plea, for murder. On appeal, Beckham raises two restated issues: 1) whether the trial court abused its discretion in imposition of his sentence; and 2) whether his sentence is inappropriate in light of his character and the nature of his offense. Concluding that the trial court did not abuse its discretion and Beckham's sentence is not inappropriate, we affirm.

Facts and Procedural History

On November 7, 2011, Dominique Greenlaw was giving Beckham, a childhood friend, a ride home. Greenlaw had just dropped off another passenger, and Beckham was seated behind Greenlaw. Beckham shot Greenlaw in the head with a handgun, killing Greenlaw.

The State charged Beckham with murder. Three doctors ultimately found Beckham competent to stand trial. The psychology reports noted that Beckham's mental health records described prior diagnoses of schizoaffective disorder, acute psychosis, cannabis abuse, and schizophrenia. Prior to his trial date, Beckham pleaded guilty but mentally ill to murder. As part of the plea agreement Beckham's sentence was capped at fifty-five years. At sentencing, the court found as mitigating factors Beckham's mental illness and that he pleaded guilty and accepted responsibility. As aggravating factors, the court found that in 2005 Beckham was arrested for possession of marijuana, pleaded guilty, and was sentenced to sixty days in jail; and that Beckham was in need of "correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility because of his past criminal conviction and his mental illness, which has a stronger likelihood of being able to be treated within the Department of Correction or an

appropriate facility within the State." Sentencing Transcript at 26. The court found that the mitigating and aggravating factors were equal to each other, and sentenced Beckham to fifty-five years. This appeal followed.

## Discussion and Decision

### I. Sentencing by the Trial Court

#### A. Standard of Review

The determination of a defendant's sentence is within the trial court's discretion, and we review sentencing only for an abuse of that discretion. Newman v. State, 719 N.E.2d 832, 838 (Ind. Ct. App. 1999), trans. denied. It is the trial court's responsibility to determine the weight to be given to aggravating or mitigating circumstances, and the proper weight to be afforded to mitigating factors may be no weight at all. Id.

#### B. Beckham's Sentence

Beckham first argues that the trial court abused its discretion by not explicitly considering the factors enumerated in Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998)— factors guiding a court in deciding whether to give mitigating weight to the mental illness of a guilty but mentally ill defendant.[1] "The factors are not exclusive but are among those the trial court must consider in determining what, if any, mitigating weight to give to any evidence of a defendant's mental illness after a finding or plea of guilty but mentally ill." Smith v. State, 770 N.E.2d 818, 823 (Ind. 2002). In both Smith and Weeks, however, the trial court did not find the defendant's mental illness to be a

---

[1] The factors include "(1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime." Weeks, 697 N.E.2d at 30.

mitigating factor and had not considered the Weeks factors in coming to its determination. Because the trial court here did give mitigating weight to Beckham's mental illness, we disagree that the trial court abused its discretion in not explicitly evaluating the Weeks factors when coming to its decision.

Beckham also argues that the court abused its discretion in finding as an aggravating factor that Beckham needed rehabilitative treatment. We disagree. A sentencing court must do more than simply state that a defendant is in need of correctional or rehabilitative treatment; the court must explain why the defendant "is in need of treatment in a penal facility for a period in excess of the presumptive sentence." Archer v. State, 689 N.E.2d 678, 684 (Ind. 1997). Here, the court stated that Beckham was in need of correctional and rehabilitative treatment because of his past criminal conviction and his mental illness, "which has a stronger likelihood of being able to be treated within the Department of Correction or an appropriate facility within the State, [than] it can be on the outside in society, so that another event like this does not occur again for that period of incarceration." Sent. Tr. at 26. There is no dispute that Beckham is mentally ill, and at least one of the doctors who evaluated Beckham's competency noted that Beckham would "need continued medical assistance for psychological symptoms." Appendix at 113. We do not agree that the trial court abused its discretion in finding as an aggravating factor that Beckham was in need of rehabilitative treatment due, in particular, to his mental illness.

The trial court balanced the aggravating and mitigating factors, found them to be equal, and sentenced Beckham to the advisory sentence for murder. See Ind. Code § 35-

4

50-2-3. We conclude that the trial court did not abuse its discretion in so sentencing Beckham.

## II. Appropriateness of Sentence

### A. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied, abrogated on other grounds by Bethea v. State, 983 N.E.2d 1134, 1144 (Ind. 2013). In reviewing a sentence under Appellate Rule 7(B), the question "is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." King v. State, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character. Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). The advisory sentence is our starting point in reviewing the nature of the offense, and the aggravating and mitigating factors, along with general considerations, are involved in our review of the character of the offender. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009).

## B. Beckham's Sentence

Beckham argues that his sentence is inappropriate in light of his character.[2]  In considering the character of the offender, we look foremost to the aggravating and mitigating factors, which focus largely on Beckham's mental illness.  Given that at least one psychologist specifically noted that Beckham would need continued medical assistance for his psychological symptoms, and that Beckham has a history of serious mental illness diagnoses, we conclude that he is indeed in need of rehabilitative treatment.  We conclude that the advisory sentence is not inappropriate in light of Beckham's character.

## Conclusion

Concluding that the trial court did not abuse its discretion in imposing Beckham's sentence, and that his sentence is not inappropriate in light of his character and the nature of his offense, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.

---

[2]  Beckham does not address how or why his sentence might be inappropriate in light of the nature of the offense, saying only that he acknowledges "that murder is the most serious criminal offense."  Brief of Appellant at 6.  We reiterate that Rule 7(B) requires a demonstration that the sentence is inappropriate in light of both the nature of the offense and the character of the offender.  Williams, 891 N.E.2d at 633.