## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2016, 8:02 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James J. Wyatt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 12, 2016

Court of Appeals Case No.
02A05-1507-CR-840

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D05-1501-F6-4

**Baker, Judge.**

James Wyatt appeals the judgment of the trial court, arguing that it erred in admitting a ten-minute video of him losing his temper while being held for interrogation at the police station. Finding that any error in the admission of this video was invited by Wyatt, we affirm.

## Facts

On Christmas Day 2014, Wyatt's father, Anthony Williams, invited Wyatt to his house for breakfast. At some point, the two began to argue and Williams asked Wyatt to leave. Wyatt remained hostile so Williams decided to leave the house himself. As Williams walked down the street, he called 911. He could hear Wyatt yelling behind him, warning him to put down the phone. When Williams turned around, he saw Wyatt pointing a gun at him. Williams then began to run down the street. Police arrived at the scene shortly thereafter, but Wyatt had fled.

The next day, police arrested Wyatt at a gas station. He was carrying a replica handgun on his person and a real handgun and ammunition were found inside his car. Williams would later identify the real handgun as the one he had seen Wyatt point at him. On January 2, 2015, the State charged Wyatt with Level 6 felony pointing a firearm and Level 6 felony criminal recklessness. On May 12, 2015, a jury found Wyatt guilty as charged. On June 22, 2015, the trial court sentenced Wyatt to concurrent terms of two years and 183 days for pointing a firearm and two years for criminal recklessness. Wyatt now appeals.

# Discussion and Decision

[4] Wyatt argues that the trial court erred in admitting certain evidence at trial. The decision to admit or exclude evidence rests within the discretion of the trial court and we will not reverse absent an abuse of discretion. *Crocker v. State*, 989 N.E.2d 812, 818 (Ind. Ct. App. 2013). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effects of the facts and circumstances before it or if it has misinterpreted the law. *Id.*

[5] The evidence at issue here consists of a ten-minute video showing Wyatt in an interrogation room, mostly by himself, losing his temper. State's Ex. 1. The trial court had granted a pretrial motion to exclude this video from evidence, but changed its mind after finding that Wyatt had opened the door to its admission through his testimony. A review of the record shows that Wyatt said nothing during his direct examination that would have opened the door to the admission of this video. Tr. p. 202-09. However, while being cross-examined by the State, Wyatt was asked if he had been cooperative with the officers on the day that he was arrested. Tr. p. 215. Wyatt responded that he had been.

[6] "It is generally true that when a witness offers evidence of his own character, he opens the door to the subject of his character for that trait placed in issue, and the State can introduce evidence of specific misconduct in rebuttal." *Newman v. State*, 719 N.E.2d 832, 836 (Ind. Ct. App. 1999). However, statements made in response to questions asked on cross-examination in regard to collateral matters cannot be relied upon to open the door. *Id.*

[7] Wyatt's cooperation with the police, or lack thereof, is a collateral matter, as evidence of it would not be admissible for any other purpose than to contradict Wyatt's statement on the issue. *See Shriner v. State*, 829 N.E.2d 612, 621 (Ind. Ct. App. 2005). This Court has made clear that

> collateral matters may not be the basis for impeachment. A party may inquire into a collateral matter on cross-examination, but the questioner is then 'bound by the answer' received; the impeaching party cannot thereafter offer extrinsic evidence to disprove the answer unless the extrinsic evidence would be independently admissible.

*Highley v. State*, 535 N.E.2d 1241, 1243 (Ind. Ct. App. 1989) (citing *Wells v. State*, 158 N.E.2d 256, 263, 239 Ind. 415, 428 (1959) ("[t]his rule is necessary in order that there be a definite end to interrogation regarding collateral matters;" "[o]therwise, litigation might be extended *ad infinitum*")); *see also* Ind. Evidence Rule 608(b).

[8] However, we need not question whether the above authorities require us to reverse the trial court's judgment in this case because we find that any error in the admission of the video was invited by Wyatt. Following Wyatt's cross-examination, the State sought once again to introduce the video. The trial court met with both parties outside the presence of the jury and asked Wyatt if he had testified, on direct examination, that he had cooperated with the police on the day that he was arrested. Tr. p. 226-27. Wyatt answered affirmatively. *Id.* at 227. The trial court, not having the benefit of a typed transcript to reference, took Wyatt at his word, and admitted the video for impeachment

purposes. The trial court took the additional step of instructing the jury that it was only to consider the video for its impeachment value.

[9] "A party may not invite error, then later argue that the error supports reversal." *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995). Here, the trial court was led to believe that Wyatt had informed the jury on direct examination that he was cooperative with the police, and it admitted the video at issue because the video tended to show otherwise. The trial court believed that Wyatt had testified in this manner because Wyatt himself informed the trial court that he had. Therefore, it is clear that any error in the admission of this video was invited by Wyatt, and the issue is not subject to appellate review.

[10] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.